ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

**TABLE OF CONTENTS**

I Introduction....1

II Statement of Facts....2

III Applicable Law....4

A. Leave to Amend is Generally Given Freely....4

B. Plaintiffs Should be Granted Leave to Amend Their Complaint Under 28 U.S.C. § 1447(e)....5

1. Michael Ehrenfeld Company is Necessary for Just Adjudication....6

2. There Has Been No Unexplained Delay in Seeking Joinder....8

3. Purpose of Joinder is Not Solely to Defeat Diversity Jurisdiction....9

4. Plaintiffs' Claims for Professional Negligence and Negligent Misrepresentation Against Michael Ehrenfeld Company Would be Valid....10

5. Plaintiffs will be Prejudiced Without Leave to Amend Complaint....12

6. AMCO and Michael Ehrenfeld Company will not be Prejudiced by Amending the Complaint....12

IV Conclusion....13

Declaration of C. Brant Noziska

Exhibits

Proposed Order

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER PERMITTING LEAVE TO AMEND COMPLAINT

# TABLE OF AUTHORITIES

## CASES

Page No.

Boon v. All-State Insurance Company, 229 F. Supp. 2d 1016 (C.D. Cal. 2002)..........5, 6, 7, 9

Butcher v. Truck Ins. Exchange, 77 Cal. App. 4th 1442 (2000)..................................11

Clinco v. Roberts, 41 F. Supp. 2d 1080 (C.D Cal.1999)..........................................5

Desert Empire Bank v. Insurance Company of North America, 623 F. 2d 1371 (9th Cir.1980)..................................................................6, 7

Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048 (9th Cir. 2003)..........................4

FilmTec Corp. v. Hydranautics, 67 F. 3d 931 (Fed. Cir. 1995)....................................5

Foman v. Davis, 371 U.S. 178 (1962)............................................................4

IBC Aviation Services Inc. v. Compania Mexicana de Aviaciona, 125 F. Supp. 2d 1008 (N.D. Cal. 2000)..................................................................6

Ingersoll v. Pearl Insurance Company, 153 F. Supp. 558, 560 (N.D. Cal. 1957)....................7

Martinez v. Newport Beach City, 125 F. 3d 777, 785 (9th Cir. 1997)..............................5

R & B Auto Center, Inc. v. Farmers Group, Inc., 140 Cal. App. 4th 327 (2006)...................10

Righetti v. Shell Oil Company, 711 F. Supp. 531 (N.D. Cal. 1989)................................6

Shipner v. Eastern Airlines, Inc., 868 F. 2d 401 (9th Cir. 1989).................................5

United States v. Webb, 655 F. 2d 977 (9th Cir. 1981)............................................5

Ynclan v. Department of Air Force, 943 F. 2d 1388 (5th Cir. 1991)...............................5

## STATUTES

FEDERAL RULE OF CIVIL PROCEDURE 15(a)...............................................................5

FEDERAL RULE OF CIVIL PROCEDURE 19(a)...............................................................5

28 U.S.C. § 1447(e)..................................................................5, 6, 13

## TREATISES & PRACTICE GUIDES

Weil & Brown, Fed. Civ. Proc. Before Trial (The Rutter Group 2007) 8:400

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs 1800 SOUTH MAPLE STREET, LLC, a California limited liability company; RALPH J. GIANNELLA, an individual; GIANNELLA PROPERTIES, INC., a California corporation; WILLIAM G. AYYAD, an individual; WILLIAM G. AYYAD, INC., a California corporation; and PREMIER COMMUNITIES, LLC, a California Limited Liability Company, ("Plaintiffs") hereby move this Court for an order permitting the filing of an amended complaint adding Michael Ehrenfeld Company - Insurance Agents & Brokers (hereinafter "Michael Ehrenfeld Company") as a defendant and causes of action for professional negligence and negligent misrepresentation against said defendant. **(Exhibit A.)**

Amending the complaint is essential to protecting the interests of Plaintiffs in this bad faith action against the presently named defendants, ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, AMCO INSURANCE COMPANY, and NATIONWIDE MUTUAL INSURANCE (collectively "AMCO"). AMCO's continued denial of coverage under the insurance policy at issue has left Plaintiffs with no choice but to assert causes of action against broker and appointed AMCO agent Michael Ehrenfeld Company related to the procurance of insurance coverage for Plaintiffs. To be sure, Plaintiffs have met and conferred on the issue of coverage, advising AMCO counsel that an admission of coverage on its part would render the proposed amendment unnecessary. **(Exhibits B & C.)** Unfortunately, AMCO offered no such admission, but instead, continued its pattern of practice of effectively denying any obligation to indemnify Plaintiffs without issuing an official denial, a well-known tactic employed by AMCO in avoiding coverage obligations. **(Exhibits C & D.)**

Said amendment is timely, wholly related to the existing controversy between the parties, and completely warranted by the facts of the case. Moreover, amending the complaint accordingly would not result in prejudice to the defendants. Therefore, in the interests of justice and judicial efficiency, Plaintiffs respectfully request the Court grant their motion for leave to amend their complaint.

**II.**

**STATEMENT OF FACTS**

This lawsuit arises out of an insurance policy issued to Plaintiff insureds in 2002 by AMCO. ACP BPH 7801069841 (hereinafter "the 9841 Policy"), was in effect from April 4, 2002 to April 4, 2003 and insured Plaintiffs for damages related to real property located at 1800 South Maple Street in Escondido, California, (hereinafter "the Subject Property"). **(Exhibit A ¶ 26; Exhibit E.)** The 9841 Policy was procured by broker and AMCO agent, Michael Ehrenfeld Company, who had worked with Plaintiffs for many years and was knowledgeable of Plaintiffs' business activities. **(Exhibit A ¶ 26, 42; Exhibit F;)** Plaintiffs were developers/renovators in the business of purchasing, converting, and selling condominiums. **(Exhibit A ¶ 42.)**

Under the 9841 Policy, Plaintiff "South Maple Street, LLC" is an additional insured as the prior owner of the insured premises during the renovation and subsequent sales and is an additional insured by virtue of endorsements. The remaining Plaintiffs are also insureds by virtue of their positions as members, officers and/or employees of Plaintiff SOUTH MAPLE and/or its members. **(Exhibit E.)**

On or about August 18, 2005, purchasers and their homeowners association at the Subject Property commenced an action against Plaintiffs in the San Diego Superior Court, entitled *The Hidden Glen Maintenance Corporation v. 1800 South Maple Street, LLC,* case number GIC 852647, (hereinafter referred to as the "Third Party Action"). **(Exhibit A ¶ 33; Exhibit G.)** The Third Party Action sought damages based on negligence, civil conspiracy, breach of the Conditions, Covenants and Restrictions, breach of fiduciary duty, alter ego, negligence per se, and violation of Business and Professions Code section 17200. Id. At the outset, Plaintiffs timely tendered the Notice of Commencement of Legal Proceedings pursuant to former Civil Code section 1375 ("Calderon Notice") and a complaint in the Third Party Action to Defendant insurers with the request that Defendants, as required by the 9841 Policy, undertake the defense of the action. **(Exhibit A ¶ 34-35.)** AMCO refused to defend or indemnify Plaintiffs, as they were obligated to do under the 9841 Policy. **(Exhibit A ¶ 37.)**

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

Notwithstanding Plaintiffs' requests for coverage, on or about November 10, 2005, Defendants, without full and proper investigation of the claim, denied all liability under the AMCO Policy and refused to undertake the defense of the underlying Third Party Action. **(Exhibit H.)** On or about March 3, 2006, Defendants, again without full and proper investigation of the claim, denied all liability under the AMCO Policy and refused to undertake the requested defense. **(Exhibit I .)** In addition, in its March 3, 2006 denial letter, without any offer of evidence and without attaching the AMCO Policy application, AMCO committed another act of bad faith by accusing its insureds of fraud in the application and threatening an action for rescission of the AMCO Policy insurance contract. Id at 5. AMCO and their appointed agent Michael Ehrenfeld Company, the prospective defendant, knew the insureds were in the business of renovating and selling condominiums, yet AMCO still accused them of fraud in the application. Id.

In denying coverage, AMCO asserted that no coverage exists based in part on the application of exclusion 2(j), the alienated premises exclusion. **(Exhibit I at 6-7.)** AMCO made an identical argument, in addition to accusing its insureds of fraud in the application without investigation, against some of the same insureds in the case titled *Avocado Crest Condominiums, LLC, et al. v. Allied Mutual Insurance et. al.* (GIC 857918) (hereinafter "ACC LAWSUIT"). **(Exhibit J at 3.)**[1] Unlike in the present case, AMCO acknowledged coverage under the policy in the ACC LAWSUIT, albeit after denying coverage for over a year and a half. **(Exhibit K.)** Interestingly, the BPH portion of the 1800 South Maple 9841 Policy at issue in the current case has the exact same policy language as one of the two policies at issue in the ACC LAWSUIT, under which AMCO ultimately conceded coverage. **(Exhibits E & L.)** Moreover, the underlying complaints in this matter and the ACC matter allege the exact same defects. **(Exhibits G & M.)** Yet despite its acknowledgment of coverage in the ACC

[1] The ACC LAWSUIT involved the same scenario in which Plaintiff developers/renovators purchased a property, renovated it for sale as condominiums, and were subsequently sued by purchasers of the condominium units. In the ACC LAWSUIT, Defendants initially refused to defend the plaintiffs in the underlying action for over a year and a half.

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

LAWSUIT, AMCO continues to maintain that the policy affords no coverage for the damages relating to the subject property.

Moreover, in a letter dated May 21, 2007 addressed to Plaintiffs' counsel, AMCO again denied Plaintiffs a defense and indemnification under the 9841 Policy, by in part alleging that none of the named defendants in the Third Party Action were named insureds under the 9841 Policy. **(Exhibit N at 1-2.)** AMCO further alleged as a basis for denying coverage that Plaintiff SOUTH MAPLE, an additionally named insured by virtue of endorsements, was only insured in the capacity of "mortgagee, assignee, and receiver." Id.

Assuming no coverage exists as AMCO argues, then AMCO's appointed agent Michael Ehrenfeld Company must necessarily be liable for negligence in failing to procure adequate insurance for Plaintiffs.[2] Indeed, Michael Ehrenfeld Company had been procuring insurance on behalf of Plaintiffs for nearly a decade, and as such, it was readily familiar with the risks of Plaintiffs' business. **(Exhibit A ¶ 24, 42.)** Therefore, given Plaintiffs' interest in securing a remedy for the purported lack of coverage and Michael Ehrenfeld Company's interwoven role in the disputed facts of the case as broker and AMCO agent, it is in the interests of justice and judicial efficiency that Plaintiffs amend their complaint adding Michael Ehrenfeld Company as a defendant with causes of action for professional negligence and negligent misrepresentation.

## III.

## APPLICABLE LAW

### A. Leave to Amend is Generally Given Freely

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings generally and provides that "leave to amend shall be freely given when justice so requires." Weil & Brown, Fed. Civ. Proc. Before Trial (The Rutter Group 2007) 8:400 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 1051 (9th Cir. 2003) ("[t]his policy is to be applied with extreme liberality.") Leave to amend the pleadings is freely

---

[2] Despite the proposed amendment, Plaintiffs in no way concede a lack of or insufficient coverage under the 9841 Policy.

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

given unless the opposing party makes a showing of undue prejudice, or bad faith, or dilatory motive on the part of the moving party. Weil & Brown, Fed. Civ. Proc. Before Trial 8:400 (citing Foman v. Davis, 371 U.S. at 182; FilmTec Corp. v. Hydranautics, 67 F. 3d 931, 935-936 (Fed. Cir. 1995); Martinez v. Newport Beach City, 125 F. 3d 777, 785 (9th Cir. 1997).

Thus, while leave to amend should not be given automatically, the circumstances in which the Rule permits denial of leave to amend are limited. Ynclan v. Department of Air Force 943 F. 2d 1388, 1391 (5th Cir. 1991). The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Shipner v. Eastern Airlines, Inc., 868 F. 2d 401, 406-407 (9th Cir. 1989). However, "in exercising that discretion, a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." FilmTec Corp. v. Hydranautics, 67 F. 3d 931, 935 (quoting United States v. Webb, 655 F. 2d 977 (9th Cir. 1981)).

**B. Plaintiffs Should be Granted Leave to Amend Their Complaint Under 28 U.S.C. § 1447(e)**

When a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such amendment. Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D Cal.1999); 28 U.S.C. § 1447(e). Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a non-responsive pleading . . . the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. section 1447(e). Boon v. All-State Insurance Company, 229 F. Supp. 2d 1016, 1020, n.2 (C.D. Cal. 2002). Section 1447(e) provides, "[i]f after removal the plaintiff seeks to join defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."

There are several factors a court may consider when determining whether to allow permissive joinder under section 1447(e) in the context of a diversity destroying amendment. Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082. They include: (1) whether a party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

Procedure 19(a); (2) whether the statute of limitations would prevent filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. Id. Courts may also consider whether prejudice to the plaintiff would result if joinder is denied. Boon v. All-State Insurance, 229 F. Supp. 2d at 1020.

Plaintiffs are informed and believe that Michael Ehrenfeld Company is a corporation organized and existing under the laws of the state of California and operating as a business at 2655 Camino Del Rio North, San Diego, California. **(Exhibit A ¶ 10.)** As such, AMCO will likely argue the sole purpose of adding Michael Ehrenfeld Company as a non-diverse party is to destroy diversity and that joinder should be denied as a result. As explained below, however, joinder is proper here because nearly all of the factors under a 1447(e) analysis strongly weigh in Plaintiffs' favor. Thus, Plaintiffs should be granted leave to amend their complaint.

**1. Michael Ehrenfeld Company is Necessary for Just Adjudication**

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. Boon v. All-State Insurance, 229 F. Supp. 2d at 1022; FED. R. CIV. PRO. 19(a). However, "although courts consider whether a party would meet [the Rule 19] standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." Id. (citing IBC Aviation Services Inc. v. Compania Mexicana de Aviaciona, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000)). The latter standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief. Id. *Importantly, the court need not find that the party to be joined is indispensable or necessary under a Rule 19 analysis*. Righetti v. Shell Oil Company, 711 F. Supp. 531, 535 (N.D. Cal. 1989); Desert Empire Bank v. Insurance Company of North America, 623 F. 2d 1371, 1374 (9th Cir.1980). Section 1447(e) gives courts

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

broad discretion to allow joinder of a non-diverse party, even if remand will result. Righetti v. Shell Oil Company, 711 F. Supp.at 534-535.

In Boon v. All-State Insurance, a bad faith insurance case, a District Court had to consider whether to permit amendment of plaintiffs' complaint to add defendants who would destroy the federal court's diversity jurisdiction. 229 F. Supp. 2d 1016. One of the two defendants to be added was the **defendant insurer's agent**, who procured insurance for one of the plaintiffs. Id. Plaintiff sought to add a claim of **professional negligence** against the agent. Id. at 1019. Even though the court ultimately determined that said agent was actually a diverse party, the court explicitly stated, **"[t]he claims for breach of contract, bad faith, professional negligence, and failure to pay judgments all relate to the relationship of the insured and the insurer."** Id. (emphasis added). Furthermore, in denying the joinder of the non-agent defendant (i.e. plaintiffs' husband), the court added, "requiring [plaintiff] to pursue a claim against her husband in state court would not prevent the **just adjudication of the plaintiffs' claims against [the insurer] and its agent in federal court**." Id. (emphasis added). Thus, it is clear the Boon court considered the bad faith claims against an insurer and professional negligence claims against its broker/agent interrelated for purposes of permitting joinder under section 1447(e).

In Desert Empire Bank v. Insurance Company of North America, the Ninth Circuit held that a District Court correctly permitted the plaintiff insured to amend its pleadings post-removal to add a non-diverse insurance agent as a party where the insured's claims against the defendant insurance company and insurance agent arose out of the same series of occurrences and raised common questions of law and fact. 623 F. 2d at 1374 (emphasis added). The court further ruled that the federal court's jurisdiction ended when the plaintiff was allowed to add the non-diverse agent and that the suit should have been remanded to state court. Id. at 1371.

Finally, in Ingersoll v. Pearl Insurance Company, another case in which an insured sought to amend the complaint post-removal to add claims against a non-diverse agent (including negligence), the court held that the claims against the agent were so interwoven with claims against the insurers that a complete adjudication of rights of parties could not be had

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

without the presence of the agent as a codefendant. 153 F. Supp. 558, 560 (N.D. Cal. 1957). In that case, the agent was deemed an indispensable party. Id.

In the case at hand, Plaintiffs seek to amend the complaint to add AMCO's appointed agent Michael Ehrenfeld Company as a defendant and claims for professional negligence and negligent misrepresentation against said agent in procuring insurance for Plaintiffs. **(Exhibit A.)** Because AMCO continues to deny coverage for an incident contemplated by the 9841 Policy secured by Michael Ehrenfeld Company, one of these entities must be accountable to Plaintiffs. This is certainly a matter best resolved in one proceeding, as the cases referenced above strongly indicate. Given the common facts and parties involved in both disputes, joinder of Michael Ehrenfeld Company is necessary for just adjudication of Plaintiffs' claim. As such, this factor weighs strongly in Plaintiffs' favor.

**2. There Has Been No Unexplained Delay in Seeking Joinder**

When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion. Clinco, 41 F. Supp. 2d at 1083. Plaintiffs filed their original complaint on or about September 10, 2007. **(See Plaintiffs' Complaint.)** AMCO filed their notice and petition for removal on October 23, 2007. **(See AMCO's Petition for Removal.)** During the short interim between AMCO's removal and the filing of Plaintiffs' current motion, Plaintiffs sought confirmation from AMCO by letter regarding its stance on coverage. **(Exhibit B.)** In response, AMCO again refused to clarify its position, continuing its pattern of practice of effectively denying any obligation to indemnify Plaintiffs without issuing an official denial. **(Exhibit C.)** This is a well-known tactic employed by AMCO in avoiding coverage obligations to its insureds and is a dubious effort to circumvent and/or delay liability. **(Exhibit D at 93:12-94:12.)** Indeed, Plaintiffs had been trying to ascertain AMCO's stance on coverage for some time, for if Plaintiffs do not succeed on their bad faith claim, then by necessity, Michael Ehrenfeld Company must be liable for failing to procure adequate coverage. As explained above, Michael Ehrenfeld Company was well-aware of Plaintiffs' business and insurance needs, as it had been procuring Plaintiffs' insurance for years. **(Exhibit A ¶ 24, 42.)**

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

Furthermore, trying to ascertain AMCO's position on coverage was made more difficult in light of the ACC LAWSUIT, where AMCO actually conceded coverage. **(Exhibit K.)** That case involved many of the same parties, allegations, underlying claims/defects, and insurance provisions. **(Exhibits G & M.)** As a result, AMCO's inconsistent positions on coverage in these two cases has complicated Plaintiffs' efforts to ascertain AMCO's stance. Finally having received AMCO's confirmation on its refusal to admit coverage, Plaintiffs have moved swiftly to amend their complaint, deeming this action necessary to protect their interests. As such, the timeliness factor also weighs strongly in Plaintiffs' favor.

**3. <u>Purpose of Joinder is Not Solely to Defeat Diversity Jurisdiction</u>**

Plaintiffs seek to amend their complaint to add Michael Ehrenfeld Company as a defendant, with causes of action for professional negligence and negligent misrepresentation, for the purpose of protecting their interests in this bad faith action. **(Exhibit A.)** In light of AMCO's recent confirmation that it denies coverage under Plaintiffs' insurance policy, Plaintiffs must add Michael Ehrenfeld Company to ensure it has a remedy in the unlikely event there is a gap in coverage. Given the interrelatedness of the causes of actions and the common facts and parties involved, it is prudent to join Michael Ehrenfeld Company in this action. <u>See</u> <u>Boon v. All-State Insurance</u>, 229 F. Supp. 2d at 1019; **(Exhibits G & M.)**

On March 3, 2006, AMCO issued a denial letter to plaintiff stating that "the complaint filed by The Hidden Glen Maintenance Corporation does not allege any potentially covered claims against any of AMCO's insureds. AMCO has independently conducted its own evaluation, and had reached the same conclusion . . . no facts of which AMCO is currently aware indicate that there is any potential for coverage of the claims against any of AMCO's or any defendants named in the complaint. Consequently, if you choose not to respond to this letter, AMCO has requested me to inform you that the request for coverage of the Hidden Glen litigation can be considered denied." **(Exhibit I at 12.)**

Should AMCO's claims regarding coverage be proven true, however unlikely that is, then Plaintiffs' insurance coverage relating to the Subject Property was nothing more than illusory, and professional negligence and negligent misrepresentation must have been

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

committed by broker and AMCO agent Michael Ehrenfeld Company. This is especially true in light of Michael Ehrenfeld Company's ten year history in securing insurance coverage for the insureds and its knowledge of the insureds' business, namely buying, converting, and selling condominiums. **(Exhibit A ¶ 24, 42.)** Each year, Michael Ehrenfeld Company has designed and administered a comprehensive "insurance program" for Plaintiffs' insurance needs. **(Exhibit A ¶ 25.)** As such, Michael Ehrenfeld Company was well-aware of Plaintiffs' exposure to risk.

Finally, in the companion ACC LAWSUIT, which involved many of the same plaintiffs, defendants, claims, and policy provisions, Plaintiffs also decided to add Michael Ehrenfeld Company as a defendant, along with a cause of action for professional negligence, negligent misrepresentation, and breach of fiduciary duty in their Second Amended Complaint. **(Exhibit O.)** Importantly, the originally named defendants in the ACC LAWSUIT included SEQUOIA INSURANCE COMPANY, which existed and was duly organized under the laws of the State of California. **(Exhibit P.)** The presence of SEQUOIA INSURANCE COMPANY as a co-defendant in the ACC case made complete diversity impossible from the onset and precluded the removal of that case to federal court. Thus, when Plaintiffs later amended their complaint to add Michael Ehrenfeld Company as a co-defendant in the ACC LAWSUIT, the intention was clearly to protect their interests in the event there were gaps or inadequate coverage. <u>This point alone is compelling evidence that Plaintiffs' motive here in amending the complaint is not solely based on destroying diversity, for Plaintiffs' efforts in the prior case would have been pointless if destroying diversity was the only motivation</u>.

In light of the above, it is evident that Plaintiffs have a legitimate interest in joining Michael Ehrenfeld Company as a defendant, and therefore, the purpose of the amendment is not solely to defeat diversity jurisdiction. As such, this factor also weighs strongly in Plaintiffs' favor.

### 4. <u>Plaintiffs' Claims for Professional Negligence and Negligent Misrepresentation Against Michael Ehrenfeld Company Would be Valid</u>

An insurance agent has an obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by the insured. The law is well established in California that

**ROCKWOOD & NOZISKA, LLP**
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

an agent's failure to deliver the agreed-upon coverage may constitute actionable negligence and the proximate cause of an injury. R & B Auto Center, Inc. v. Farmers Group, Inc., 140 Cal. App. 4th 327, 337 (2006) (citing Butcher v. Truck Ins. Exchange, 77 Cal. App. 4th 1442, 1461 (2000)).

Broker and AMCO agent Michael Ehrenfeld Company had a duty to use reasonable care and diligence in obtaining insurance for Plaintiffs. Id. As stated above, AMCO denied Plaintiffs a defense and indemnification under the 9841 Policy, alleging, among other things, that none of the named defendants in the Third Party Action were named insureds under the 9841 Policy. **(Exhibit N.)** AMCO further alleged as a basis for denying coverage that Plaintiff SOUTH MAPLE, an additionally named insured by virtue of endorsements, was only insured in the capacity of "mortgagee, assignee, and receiver." **(Exhibit N.)**

Given Michael Ehrenfeld Company's long-standing relationship with Plaintiffs and its intimate knowledge of Plaintiffs' business operations as developers/renovators (and the risks entailed), its failure to secure coverage for the foreseeable claims of the underlying construction defect suit would, by necessity, amount to a breach of the standard of care for insurance agents. The failure to secure coverage would have been the legal cause of AMCO denying a defense and indemnification for the losses sustained by Plaintiffs due to the underlying Third Party Action.

To prevail on a cause of action for negligent misrepresentation, Plaintiffs "must show that the insurer misrepresented to the insured a past or existing material fact without reasonable grounds for believing it to be true. And the insurer must have intended to induce the insured's reliance on the misrepresentation, with the insured ignorant of the truth and damaged by justifiable but erroneous reliance on the misrepresentation." Rios v. Scottsdale Ins. Co., 119 Cal.App.4th 1020, 1028 (2004).

Here, Michael Ehrenfeld Company represented to Plaintiffs that it had procured adequate, accurate, and appropriate insurance coverage for Plaintiffs. Should the coverage be deemed inadequate, Michael Ehrenfeld Company should have known that its designation of insured and additional insureds would not secure the desired coverage, especially given the

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

company's long relationship with Plaintiffs and the fact that Michael Ehrenfeld Company was in the business of procuring insurance. Because Plaintiffs proceeded to renovate the Subject Property, they relied on these representations to their detriment, believing all the while they had adequate coverage. As such, Plaintiffs claim for negligent misrepresentation is valid.

*While Plaintiffs in no way concede gaps in coverage under the 9841 policy*, they ultimately must protect their interests by joining Michael Ehrenfeld Company as a defendant. As these facts demonstrate, this case entails either a compelling case of bad faith or professional negligence/negligent misrepresentation.

**5. Plaintiffs will be Prejudiced Without Leave to Amend Complaint**

Plaintiffs will undoubtedly suffer prejudice should the Court deny their motion for leave to amend. As explained in detail above, the bad faith claim against AMCO and the potential claims against Michael Ehrenfeld Company are interrelated. Resolving this dispute in liability between these two entities will involve a thorough factual investigation into the communications between Michael Ehrenfeld Company and AMCO underwriting to ascertain the intent of both in insuring Plaintiffs with respect to the Subject Property. Disallowing joinder of such a party would severely harm Plaintiffs' interest in seeking the recovery they are entitled to, and if they are unsuccessful in showing bad faith, it would force them to relitigate many of the same factual issues involving the same parties/witnesses. Moreover, failure to join Michael Ehrenfeld Company could potentially give rise to inconsistent rulings by the federal and state courts on the issue of coverage, further prejudicing Plaintiffs' recovery efforts. Indeed, the appropriate setting in which to put these issues to rest is the current suit, a sentiment shared by the courts in Boon, Ingersoll, and Desert Empire Bank.

**6. AMCO and Michael Ehrenfeld Company will not be Prejudiced by Amending the Complaint.**

Based on the similar events of the ACC LAWSUIT, it is unlikely that AMCO or Michael Ehrenfeld Company will be able to show prejudice on account of Plaintiffs amending their complaint. In the ACC LAWSUIT, where Plaintiffs were permitted to amend their

complaint to add Michael Ehrenfeld Company as a defendant, no undue prejudice was established by the parties. **(Exhibit O.)** The only difference in the case at hand is the issue of the Federal Court's jurisdiction, which Plaintiffs have already demonstrated should not prevent them from amending their complaint.

**IV.**

**CONCLUSION**

Based on the foregoing, Plaintiffs should be allowed to amend the complaint to add Michael Ehrenfeld Company as a defendant and claims for professional negligence and negligent misrepresentation. Nearly all the factors to be analyzed by the Court in exercising its discretion under 28 U.S.C § 1447(e) strongly weigh in Plaintiffs' favor. Thus, Plaintiffs respectfully request that the Court grant their motion.

DATED: January 29, 2008

**ROCKWOOD & NOZISKA, L.L.P**

By:

NEAL H. ROCKWOOD, ESQ.
C. BRANT NOZISKA, ESQ.
CHARLES L. FANNING IV, ESQ.
ATTORNEYS FOR PLAINTIFFS

**ROCKWOOD & NOZISKA, LLP**
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779