1 | **ROCKWOOD & NOZISKA, L.L.P.**
NEAL H. ROCKWOOD, ESQ. SB# 106197
2 | C. BRANT NOZISKA, ESQ. SB#106117
CHARLES L. FANNING IV, ESQ. SB#248704
3 | 5060 North Harbor Drive, Suite 255
San Diego, California 92106
4 | Phone: (619) 224-7778 Fax (619) 224-7779

Attorneys for Plaintiffs,

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| 1800 SOUTH MAPLE STREET, LLC, a California Limited Liability Company; RALPH J. GIANNELLA, an individual; GIANNELLA PROPERTIES, INC., a California Corporation; WILLIAM G. AYYAD, an individual; WILLIAM G. AYYAD, INC., a California Corporation; and PREMIER COMMUNITIES, LLC, a California Limited Liability Company.<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, an Iowa Corporation; AMCO INSURANCE COMPANY, an Iowa Corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2030<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION REQUESTING A STAY OF THIS MATTER PENDING RESOLUTION OF PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT**<br><br>Magistrate Judge: Hon. Nita L. Stormes<br>Room: 1118<br><br>Action Filed: September 10, 2007<br>Trial Date: TBA |

## I.

### Introduction

Plaintiffs hereby file their Reply to Defendants' Opposition to Plaintiffs' Ex-Parte Application to Stay Proceedings Pending the Motion to Amend Complaint.

Irrespective of Plaintiffs' ex-parte request for a stay of proceedings, Plaintiffs have been attempting good faith efforts to comply with this Court's Order Following Early Neutral Evaluation Setting Rule 26 Compliance. Defendants, meanwhile, have failed to fully cooperate, notwithstanding their opposition to Plaintiffs' ex-parte application. As such, Plaintiffs' case for staying discovery is all the more pressing.

## II.

**Defense Counsel Has Failed to Make Good Faith Efforts to Comply With the Court's Post ENE Order**

Pursuant to the Court's Order, the Rule 26(f) conference is to be completed on or before February 6, 2008. (see Exhibit "A" attached hereto.) Mindful of this deadline, Plaintiffs requested defense counsel's availability for said conference in a letter dated January 25, 2008. (see Exhibit "B" attached hereto.) Having received no response, Plaintiffs sent yet another letter to defense counsel dated January 30, 2008, again requesting defense counsel's availability for the Rule 26(f) conference, as well as expressing Plaintiffs' interest in having the conference transcribed by a court reporter. (see Exhibit "C" attached hereto.) Defense counsel finally responded later that day, stating that he and co-counsel would be available to meet telephonically on February 5, 2008 at some point after 5 P.M., well beyond the close of business and one day prior to the Court's deadline. (see Exhibit "D" attached hereto.) In light of defense counsel's lack of cooperation in scheduling the 26(f) conference, Plaintiffs' case for staying the discovery proceedings, pending the outcome of the motion for leave to amend, is now even more compelling.

Complicating matters further, defense counsel has refused to permit the conference to be recorded by a Certified Court Reporter for the purpose of memorializing any agreements and obligations undertaken by the parties during the conference, a practice that would surely aid in expediting discovery. This is a practice intended to preserve the record and allow the parties to have a reference to their respective positions taken at the meet and confer conference. There certainly is nothing sinister about it.

///

2                                                                                      CASE No. 07-CV-2030

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION REQUESTING A STAY OF THIS MATTER PENDING RESOLUTION OF PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

### III.

**Plaintiffs Have Provided to Defense Counsel Information Required by the Court's Order**

In the Court's Order following the Early Neutral Evaluation, Plaintiffs were required to "send a letter to defense counsel that: (a) identifies the parties to the underlying settlement agreement, (b) what each party paid in the settlement, and (c) whether that party is a named insured in the policy at issue in this case, and if not, how that party claims coverage under the policy." (see Exhibit "A".) In good faith, Plaintiffs have provided all of this information to defense counsel in their letter dated January 25, 2008. (See Exhibit "B.") Therefore, Defendants claims to the contrary in their opposition are entirely without merit.

### IV.

### Conclusion

Therefore, in the interests of judicial efficiency and defense counsel's lack of cooperation in honoring this Court's order, Plaintiffs respectfully request the Court grant its motion staying proceedings pending the outcome of their motion for leave to amend.

DATE: January 31, 2008                    **ROCKWOOD & NOZISKA, LLP**

                                          *S/ Neal H. Rockwood*
                                          NEAL H. ROCKWOOD
                                          C. BRANT NOZISKA
                                          CHARLES L. FANNING IV
                                          Attorneys for Plaintiffs