1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| 1800 SOUTH MAPLE STREET, LLC, a California Limited Liability Company; RALPH J. GIANNELLA, an individual; GIANNELLA PROPERTIES, INC., a California Corporation; WILLIAM G. AYYAD, an individual; WILLIAM G. AYYAD, INC., a California Corporation; and PREMIER COMMUNITIES, LLC, a California Limited Liability Company.<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, an Iowa Corporation; AMCO INSURANCE COMPANY, an Iowa Corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-2030<br><br>**JOINT [PROPOSED] DISCOVERY PLAN PURSUANT TO FEDERAL RULE 26(F)**<br><br>Magistrate Judge: Hon. Nita L. Stormes<br>Room: 1118<br><br>Action Filed: September 10, 2007<br>Trial Date: TBA |

///
///
///
///

1

PROPOSED DISCOVERY PLAN PURSUANT TO FEDERAL RULE 26(F)

Pursuant to Fed. R. Civ P. 26(f), a telephonic meeting was held on February 6, 2008 and was attended by: Neal H. Rockwood, C. Brant Noziska, and Charles L. Fanning IV for 1800 SOUTH MAPLE STREET, LLC; RALPH J. GIANNELLA; GIANNELLA PROPERTIES, INC.; WILLIAM G. AYYAD; WILLIAM G. AYYAD, INC.; and PREMIER COMMUNITIES, LLC (collectively "Plaintiffs") and Howard Garfield and Karen Uno for Defendants ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY; AMCO INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY (collectively "Defendants"). Plaintiffs and Defendants (collectively "the Parties") propose the following joint discovery plan:

1.  **Pre-Discovery Disclosures**

**The Parties will make their initial disclosures by February 22, 2008, pursuant to the Court's order of January 10, 2008.**

The Parties will exchange the following documents by April 15, 2008:

a.  Plaintiffs' non-privileged files, documents, and communications, including emails, relevant to coverage and bad faith regarding the 1800 South Maple Street project, including, but not limited to roles of the Plaintiffs in the purchase of the real estate, renovation of individual condominium units and common areas, sale and close of escrow of individual units and transfer of the common areas to the condominium association, the underlying litigation, and insurance policy, including information furnished to brokers and/or agents in procuring the policy and communications with broker and/or agents regarding same and al documents in support of Plaintiffs' damage claims that verify the amounts claimed and the basis for the claim.

b.  Defendants' non-privileged files, documents, and communications, including but not limited to underwriting files, claims files, coverage counsel file, certified copies of the insurance policies, and e-mails regarding the claim.

2. **Joint Discovery Plan**

The Parties intend to pursue discovery specifically in furtherance of settlement of the matter as they simultaneously pursue discovery in furtherance of trial preparation.

The Parties jointly propose to the Court the following discovery plan:

    a. Plaintiffs propose that discovery will be needed on the following subjects to the extent they do not violate privilege:

        i. Defendants' underwriting guidelines and procedures generally and specifically regarding the policy at issue

            1. Application for insurance

            2. Knowledge of the insureds business based on other policies issued to the insureds and their controlled business entities

        ii. Defendants' claims and adjusting guidelines and procedures regarding the policy at issue and the forms incorporated into said policy

            1. Investigation into the claim -

        iii. Defendants' claims management generally and specifically regarding the subject policy and similar policies

            1. Integration of e-mails into the claims file

        iv. Defendants' corporate policies generally, and specifically as they relate to the subject policy, such as document retention, including but not limited to e-mails and the absence of documentation reflecting the involvement of upper-management in a claim

        v. Involvement of home office/Allied/Nationwide in the claim

    b. Defendants propose that discovery will be needed on the following subjects to the extent they do not violate privilege:

        i. Plaintiffs' communications with agent/broker regarding procurement of subject policies.

        ii. Purchase, renovation, and sale of property and condominium units at issue in underlying case.

       iii. Nature of claims asserted by plaintiffs in underlying case against insureds

       iv. Settlement negotiations regarding settlements reached in underlying case.

       v. Nature and extent of damages claimed against Defendants

       vi. Cause of alleged damages.

c. In the event of inadvertent production of privileged documents, the parties stipulate that said document(s) and all copies shall promptly be returned to the producing party upon reasonable request and that such production will not constitute a waiver of any applicable privilege.

d. The protective order imposed in the case entitled *Avocado Crest Condominiums, LLC, et al. v. Allied Mutual Insurance et. al.* (GIC 857918), limiting use of documents deposited by Plaintiffs "solely for the purposes of this litigation and not for any other purposes," shall remain in effect with the exception that Defendants may retrieve, review, and use said documents from the *Avocado Crest* depository for purposes of the present litigation.

e. All discovery commenced in time to be completed by **December 31, 2008.**

       i. Maximum number of interrogatories is 50 per side, subject to increase by the Court upon a showing of good cause thereof. Responses governed by the Federal Rules of Civil Procedure.

       ii. Maximum number of requests for admission is 50 per side, subject to increase by the Court upon a showing of good cause therefor. Responses governed by the Federal Rules of Civil Procedure.

       iii. Maximum number of depositions to be conducted by Plaintiffs is 15, lasting no more than 7 hours each. Longer depositions and/or additional depositions may be allowed by the Court upon a showing of good cause.

            i. Plaintiffs anticipate deposing the following:

               1. Defendants' underwriters on the file for branch, regional, and home offices

2. Defendants' claims adjustors on the file branch, regional, and home offices
3. Defendants' claims managers on the file branch, regional, and home offices
4. Defendants' claims directors on the file branch, regional, and home offices
5. Coverage counsel on the file
6. Carl Panico
7. Randy Eggers
8. Michael Baum
9. Robert O'Hollearn
10. Any independent contractors hired by Defendants in connection with the file
11. Robyn Kettering
12. Melissa Pruess

Defendants reserve all rights to object to Plaintiffs' depositions, in particular the depositions of Carl Panico, Randy Eggers, Michael Baum and Robert O'Hollearn.

    iv. Maximum number of depositions to be conducted by Defendants is 15, lasting no more than 7 hours each. Longer depositions and/or additional depositions may be allowed by the Court upon a showing of good cause.

        i. Defendants anticipate deposing the following:

1. William Ayyad
2. Ralph Giannella
3. Keitha Giannella
4. Vekeno Kennedy
5. Dan Tomasi
6. Tim Binder

**PROPOSED DISCOVERY PLAN PURSUANT TO FEDERAL RULE 26(F)**

|   |   |
|---|---|
| | 7. Person Most Knowledgeable of Hidden Glen Maintenance Corp. |
| | 8. Brendan K. Ozanne |
| | 9. J. Mark Lobb |
| | 10. Contractors involved in settlement negotiations of the underlying case |
| | 11. Person(s) knowledgeable about Plaintiffs damages claim(s) |
| | 12. Robyn Kettering |
| | 13. Melissa Pruess |

Plaintiffs reserve all rights to object to Defendants' depositions.

 f. Reports from retained experts under Rule 26(a)(2) due:

  i. From Plaintiffs by September 31, 2008.

  ii. From Defendants by October 31, 2008.

 g.. The Parties request a pre-trial conference in January 2009.

 h. Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

 i. The case should be ready for trial by March 31, 2009 and at this time is expected to take approximately 6-8 weeks.

## 3. Plaintiffs' Discovery Proposals

 a. Plaintiffs request files, documents, and communications regarding the agent's file relevant to the subject insurance policies and claims.

 b. Plaintiffs propose to conduct discovery on the pattern of practice by Defendants in violation of California Insurance Code § 790.03(h).

 c. Plaintiffs may move for a discovery order that discovery of electronically stored information should be handled by a discovery referee and electronically stored information should be retrieved by an independent professional appointed by the discovery referee.

4. **Defendants' Discovery Proposals**

   a. Defendants request files, documents, and communications regarding the source of settlement funds.

   b. Defendants propose that discovery will be needed on the review and handling of Defendants' requests for information regarding coverage issues

DATE: February 15, 2008

ROCKWOOD & NOZISKA, LLP

NEAL H. ROCKWOOD
C. BRANT NOZISKA
CHARLES L. FANNING IV
Attorneys for Plaintiffs

DATE: February 15, 2008

LONG & LEVIT

HOWARD GARFIELD
KAREN L. UNO
Attorneys for Defendants

PROPOSED DISCOVERY PLAN PURSUANT TO FEDERAL RULE 26(F)