# EXHIBIT A

1  **ROCKWOOD & NOZISKA, L.L.P.**
   NEAL H. ROCKWOOD, ESQ. SB# 106197
2  C. BRANT NOZISKA, ESQ. SB#106117
   5060 North Harbor Drive, Suite 255
3  San Diego, California 92106
   Phone: (619) 224-7778 Fax (619) 224-7779
4

5  Attorneys for Plaintiffs

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

9

10  AVOCADO CREST CONDOMINIUMS,        )  CASE NO. GIC 857918
    LLC, a California Limited Liability Company; )
11  RALPH J. GIANNELLA, an individual;  )  **SECOND AMENDED COMPLAINT**
    CONSTRUCTION MEDIATION ONLY        )  **FOR:**
12  INC., a California Corporation; WILLIAM G. )
    AYYAD, an individual; and WILLIAM G. )  **BREACH OF CONTRACT; BREACH OF**
13  AYYAD, INC., a California Corporation, )  **THE IMPLIED COVENANT OF GOOD**
                                         )  **FAITH AND FAIR DEALING;**
14            Plaintiffs,                )  **ESTOPPEL; PROFESSIONAL**
                                         )  **NEGLIGENCE; NEGLIGENT**
15       v.                             )  **MISREPRESENTATION; AND, BREACH**
                                         )  **OF FIDUCIARY DUTY**
16  ALLIED MUTUAL INSURANCE            )
    COMPANY, an Iowa Corporation; SEQUOIA )  **JURY REQUESTED**
17  INSURANCE COMPANY, a California    )
    Corporation; AMCO INSURANCE        )  **[UNLIMITED CIVIL]**
18  COMPANY, an Iowa Corporation;      )
    MICHAEL EHRENFELD COMPANY-         )  Judge: RONALD S. PRAGER
19  INSURANCE AGENTS AND BROKERS, a    )  Dept:  71
    California Corporation (DOE 1);     )
20  KETTERING.ROSE INSURANCE AGENTS    )
    & BROKERS, dba KETTERING ROSE      )
21  INSURANCE AGENTS AND BROKERS, a    )
    California Corporation (DOE 2); ROBYN )
22  KETTERING, an individual (DOE 3); and )
    DOES 4 through 100, inclusive,     )
23                                      )
              Defendants.               )
24  _____)

25       AVOCADO CREST CONDOMINIUMS, LLC, a California Limited Liability

26  Company; RALPH J. GIANNELLA, an individual; CONSTRUCTION MEDIATION ONLY

27  INC., a California Corporation; WILLIAM G. AYYAD, an individual; and WILLIAM G.

28  AYYAD, INC., a California Corporation, ("Plaintiffs") hereby allege as follows:

---

SECOND AMENDED COMPLAINT FOR: BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING; ESTOPPEL; PROFESSIONAL NEGLIGENCE; NEGLIGENT
MISREPRESENTATION; AND, BREACH OF FIDUCIARY DUTY

*(left margin, vertical text)* ROCKWOOD & NOZISKA, LLP  5060 North Harbor Drive, Suite 255  San Diego, California 92106  (619) 224-7778 FAX (619) 224-7779

**IDENTIFICATION OF PARTIES**

1.      Plaintiff, AVOCADO CREST CONDOMINIUMS, LLC, its members, officers, directors, employees, and partners, hereinafter "AVOCADO CREST," is and at all times herein mentioned, was a limited liability company operating and existing under the laws of the State of California.

2.      Plaintiff, CONSTRUCTION MEDIATION ONLY, INC., hereinafter "CMO INC.," is, and at all times herein mentioned, was a corporation operating and existing under the laws of the State of California and a member of AVOCADO CREST.

3.      Plaintiff, RALPH J. GIANELLA, hereinafter "GIANNELLA," is, and at all times herein mentioned, was an individual residing in the County of San Diego, State of California and was an officer of CMO INC.

4.      Plaintiff, WILLIAM G. AYYAD, hereinafter "AYYAD," is, and at all times herein mentioned, was an individual residing in the County of San Diego, State of California and was an officer of WILLIAM G. AYYAD, INC.

5.      Plaintiff, WILLIAM G. AYYAD, INC., hereinafter "AYYAD INC.," is, and at all times herein mentioned, was a corporation operating and existing under the laws of the State of California and a member of AVOCADO CREST.

6.      Plaintiffs allege on information and belief that at all times herein mentioned Defendant ALLIED MUTUAL INSURANCE COMPANY of Iowa was and is a corporation doing business within the State of California, County of San Diego.  Plaintiffs further allege on information and belief that ALLIED MUTUAL INSURANCE COMPANY of Iowa, is, and at all times mentioned herein, was duly organized and existing under the laws of the State of Iowa.

7.      Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendant AMCO INSURANCE COMPANY, a wholly owned subsidiary of Defendant ALLIED MUTUAL INSURANCE COMPANY, was and is a corporation doing business within the State of California, County of San Diego.  Plaintiffs further allege on information and belief that AMCO INSURANCE COMPANY is, and at all times mentioned herein, was duly organized and existing under the laws of the State of Iowa.  Hereinafter ALLIED MUTUAL

-2-

KOLKWOOD & NOZSKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

1    INSURANCE COMPANY and AMCO INSURANCE COMPANY will be collectively referred

2    to as "AMCO."

3         8.    Throughout the issuance of the AMCO/Allied Insurance Policies and the claims

4    adjustment period, Defendant ALLIED MUTUAL INSURANCE COMPANY was the

5    insurance carrier under the AMCO/Allied Policies.  Defendant ALLIED MUTUAL

6    INSURANCE COMPANY conducted the claims adjustment and made the decision to deny

7    coverage.  Defendant ALLIED MUTUAL INSURANCE COMPANY managed, controlled, and

8    ratified all conduct of Defendant AMCO INSURANCE COMPANY.

9         9.    Plaintiffs allege on information and belief that at all times herein mentioned

10   Defendant SEQUOIA INSURANCE COMPANY, hereinafter "SEQUOIA," was and is a

11   corporation doing business within the State of California, County of San Diego.  Plaintiffs

12   further allege on information and belief that SEQUOIA is, and at all times mentioned herein,

13   was duly organized and existing under the laws of the State of California.

14        10.   Plaintiffs hereby name MICHAEL EHRENFELD COMPANY-INSURANCE

15   AGENTS AND BROKERS as DOE 1.  Plaintiffs are informed and believe and based thereon

16   allege that at all times herein mentioned MICHAEL EHRENFELD COMPANY-INSURANCE

17   AGENTS AND BROKERS was a corporation organized and existing under the laws of the state

18   of California and operating as a business at 2655 Camino Del Rio North, San Diego, California.

19        11.   Plaintiffs hereby name KETTERING.ROSE INSURANCE AGENTS &

20   BROKERS, dba KETTERING ROSE INSURANCE AGENTS AND BROKERS as DOE 2.

21   Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned

22   KETTERING ROSE INSURANCE AGENTS & BROKERS was a Corporation organized and

23   existing under the laws of the State of California.

24        12.   Plaintiffs hereby name ROBYN KETTERING as DOE 3, hereinafter referred to

25   as "KETTERING."  KETTERING has been the agent for Plaintiffs initially as an employee of

26   MICHAEL EHRENFELD COMPANY-INSURANCE AGENTS AND BROKERS and

27   subsequently as a principal of KETTERING ROSE INSURANCE AGENTS & BROKERS.

28   During the time she was employed at MICHAEL EHRENFELD COMPANY-INSURANCE

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-3-

1   AGENTS AND BROKERS she committed acts of negligence and misrepresentation as more

2   fully set forth herein. Plaintiffs allege that all of her actions were within the course and scope of

3   her employment at MICHAEL EHRENFELD COMPANY-INSURANCE AGENTS AND

4   BROKERS and later at KETTERING ROSE INSURANCE AGENTS & BROKERS.

5           13.     Plaintiffs are informed and believe and based thereon allege that at all times

6   herein mentioned MICHAEL EHRENFELD COMPANY-INSURANCE AGENTS AND

7   BROKERS is, and at all times herein mentioned was, an appointed agent of AMCO

8   INSURANCE COMPANY and as such all acts alleged herein were within the course and scope

9   of said agency and imputed to AMCO INSURANCE COMPANY.

10          14.     Plaintiffs are presently unaware of the true names and capacities of those

11  defendants sued herein as Does 4 through 100 inclusive. Plaintiffs will amend this complaint to

12  state their true names and capacities when they are ascertained. Plaintiffs are informed and

13  believe, and thereon allege, that each of the fictitiously-named defendants are responsible in

14  some manner for the occurrences alleged herein, and that Plaintiffs' damages were proximately

15  caused by such defendants.

16          15.     Plaintiffs are informed and believe, and thereon allege, that AMCO and

17  SEQUOIA (collectively "Insurer Defendants") and each of them, including the fictitious

18  defendants named as Does herein, were the agents and/or employees of each of the remaining

19  defendants and in doing the things herein mentioned were acting within the scope of such

20  agency and/or employment.

21          16.     Plaintiffs are informed and believe that venue is properly within the County of

22  San Diego and the Insurer Defendants and Broker Defendants are subject to personal

23  jurisdiction in this County at the time the action is commenced. The insured property in

24  question is located at 868 East Alvarado Street, Fallbrook, California, commonly referred to as

25  "The Oaks Condominiums." Such property consists of forty-eight residential condominiums

26  and related common areas.

27          17.     Plaintiffs request a jury in this matter.

28  ///

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-4-

**JURISDICTION & VENUE**

18.     The causes of action in this complaint arise out of agreements entered into in the County of San Diego, and some or all of the Defendants have their principal place of business in the County of San Diego.  Accordingly, venue is proper in San Diego County Superior Court pursuant to Code of Civil Procedure §§ 393 and 395.5.

**GENERAL ALLEGATIONS**

19.     Plaintiffs incorporate by reference Paragraphs 1 - 18 of this Complaint and repeat those Paragraphs as though fully set forth herein.

20.     Plaintiff AVOCADO CREST purchased The Oaks Condominiums in or about July or August 2001, which at that time were rental units referred to collectively as The Oaks Condominiums.  Plaintiffs are informed and believe, and thereon allege that The Oaks Condominiums, which were originally constructed in 1978 as an apartment complex, were converted to condominiums in or about 1982; however, the units continued to be rented as apartments.  After AVOCADO CREST purchased The Oaks Condominiums, AVOCADO CREST performed some renovations to some of the units.  Beginning in or about April 2002, Plaintiff AVOCADO CREST sold units at The Oaks Condominiums.  Escrows for all of the condominiums closed between April 10, 2002 and the end of October 2002.

*Avocado Crest's Brokers and/or Agents*

21.     MICHAEL EHRENFELD COMPANY-INSURANCE AGENTS AND BROKERS, KETTERING ROSE INSURANCE AGENTS & BROKERS and ROBYN KETTERING, (hereinafter referred to as the "Broker Defendants") have been Plaintiffs' insurance brokers for sometime.  Each year, Broker Defendants designed and administered a comprehensive "insurance program" for Plaintiffs' insurance needs.

22.     In 2000, Broker Defendants secured a Commercial General Liability ("CGL") package policy for Plaintiffs in effect from December 1, 2000 to December 1, 2001 (SEQUOIA issued Insurance Policy No. CMP 114137-1) hereinafter referred to as the "Sequoia Policy."

///

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

SECOND AMENDED COMPLAINT FOR: BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ESTOPPEL; PROFESSIONAL NEGLIGENCE; NEGLIGENT MISREPRESENTATION; AND, BREACH OF FIDUCIARY DUTY

1    23.    On or about August 14, 2001, by and through Broker Defendants, the Sequoia

2    Policy was amended to include Plaintiff AVOCADO CREST as an insured and The Oaks

3    Condominiums as an insured property. Attached as Exhibit "A" is a copy of the Sequoia Policy

4    and its terms are incorporated herein by this reference. Under the terms of the Sequoia Policy,

5    SEQUOIA undertook to and did insure Plaintiffs against, among other things, Commercial

6    General Liability pursuant to Policy Form CG 0001 (11/88).

7    ***The Sequoia Insurance Policy***

8    24.    Under the terms of the Sequoia Policy, SEQUOIA undertook to and did agree 1)

9    to "pay those sums that the insured becomes legally obligated to pay as damages because of

10   "bodily injury" or "property damage" to which this insurance applies"; 2) that SEQUOIA would

11   have "the right and duty to defend any "suit" seeking those damages"; and 3) that SEQUOIA

12   may, at its discretion, "investigate any "occurrence" and settle any claim or "suit" that may

13   result." (*See* Exhibit "A" at CG 00011188 at page 1 of 12.)

14   ***The First AMCO/Allied Insurance Policy***

15   25.    Upon expiration of the Sequoia Policy, by and through Broker Defendants,

16   Plaintiffs were issued by AMCO, Insurance Policy No. ACP 7801001164, hereinafter referred

17   to as the "First AMCO/Allied Policy," for the policy period December 1, 2001 to December 1,

18   2002. The First AMCO/Allied Policy insured AVOCADO CREST among other insureds.

19   Attached as Exhibit "B" is a copy of the First AMCO/Allied Policy and its terms are

20   incorporated herein by this reference. Said policy was issued by and through Broker Defendants

21   who were appointed agents of AMCO.

22   ***The Second AMCO/Allied Insurance Policy***

23   26.    On or about April 4, 2002, by and through Broker Defendants, another policy

24   was issued insuring AVOCADO CREST separately, AMCO Insurance Policy No. ACP

25   7801073037, hereinafter referred to as the "Second AMCO/Allied Policy," for the policy period

26   April 4, 2002 to April 4, 2003. Attached as Exhibit "C" is a copy of the Second AMCO/Allied

27   Policy and its terms are incorporated herein by this reference. Said policy was issued by and

28   through Broker Defendants who were appointed agents of AMCO.

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-6-

27.    Under the terms of the First and Second AMCO/Allied Policies (collectively, the "AMCO/Allied Policies"), AMCO undertook to and did agree 1) to "pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies"; 2) that AMCO would have "the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy"; and 3) that AMCO may, at its sole discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

28.    At all times mentioned herein Plaintiffs have performed all the terms and conditions of the SEQUOIA and AMCO/Allied Policies (collectively, the "Policies") to be performed on their part.

29.    Under the Policies, AVOCADO CREST is an insured.  The remaining Plaintiffs are also insured by virtue of their positions as members, officers and/or employees of AVOCADO CREST and/or its members.

30.    Tenants and Homeowners at The Oaks Condominiums reported occurrences and made claims regarding their units to Plaintiffs at various times, which were duly and timely tendered to the insurers under the Policies.

31.    On or about September 16, 2003, a Notice of Commencement of Legal Proceedings pursuant to former Civil Code section 1375 ("Calderon Notice") was sent to AVOCADO CREST by attorneys representing The Oaks Management Corporation claiming property damage and bodily injury as a result of certain defects at The Oaks Condominiums.

32.    Plaintiffs timely tendered the Calderon Notice to AMCO and SEQUOIA under the Policies.

33.    On or about February 2, 2004, SEQUOIA, without full and proper investigation of the claim, denied coverage and refused to defend Plaintiffs with respect to the Calderon Notice and subsequent mediation.

34.    Without the participation of Insurer Defendants, Plaintiffs were unable to settle the claims through the Calderon mediation.

///

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-7-

1    35.    On or about March 16, 2004, The Oaks Management Corporation and individual

2    homeowners commenced action against Plaintiffs herein in the San Diego Superior Court

3    entitled *The Oaks Management Corporation v. Avocado Crest Condominiums, LLC,* case

4    number GIC 827085, hereinafter referred to as the "Third Party Action." Plaintiffs in the Third

5    Party Action sought damages based upon negligence, negligence per se, fraud, civil conspiracy

6    to defraud, breach of contract, breach of the Conditions, Covenants and Restrictions, fraudulent

7    conveyance, breach of fiduciary duty, alter ego, and breach of implied warranty arising out of

8    the renovations and sale of units at The Oaks Condominiums.

9    36.    Plaintiffs timely tendered a copy of the summons and complaint in the Third

10    Party Action to AMCO and SEQUOIA with the request that the Insurer Defendants, as required

11    by the Policies, undertake the defense of this action.

12    37.    Notwithstanding Plaintiffs' request, on or about November 18, 2004, SEQUOIA,

13    without full and proper investigation of the claim, for the second time denied all liability under

14    its policy and refused to undertake the defense of the Third Party Action against Plaintiffs.

15    38.    Notwithstanding Plaintiffs' request, on or about April 16, 2004, AMCO, without

16    full and proper investigation of the claim, denied all liability under the AMCO/Allied policies

17    and refused to undertake the defense of the Third Party Action.

18    39.    On or about November 15, 2004, Plaintiffs made another demand of AMCO to

19    undertake the defense of the Third Party Action as required by the Second AMCO/Allied

20    Policy.

21    40.    On or about November 22, 2004, AMCO confirmed that it would not defend

22    Plaintiffs in the Third Party Action.

23    41.    Plaintiffs persisted in advising AMCO and SEQUOIA that they had a duty to

24    defend Plaintiffs to no avail. In the meantime, Plaintiffs were faced with a multi-million dollar

25    lawsuit, which they had to defend. Plaintiffs retained counsel to defend themselves in the Third

26    Party Action, and continued attempts to convince Insurer Defendants to defend.

27    42.    Finally, on or about January 7, 2005, AMCO conceded that it had a duty to

28    defend Plaintiffs in the Third Party Action pursuant to the First AMCO/Allied Policy under a

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-8-

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

1  reservation of rights. AMCO maintained that it did not owe a duty to defend pursuant to the

2  Second AMCO/Allied Policy.

3       43.    On or about March 21, 2005, SEQUOIA withdrew its prior declination of

4  defense, and accepted Plaintiffs' tender of the Third Party Action pursuant to an express

5  reservation of rights.

6       44.    Until such time as AMCO and SEQUOIA agreed to defend Plaintiffs in the Third

7  Party Action, Plaintiffs were each required to retain separate and multiple law firms to advise

8  Plaintiffs of the separate defenses, claims, and interests relating to the Third Party Action.

9       45.    Plaintiffs were obligated to mount a vigorous defense against the multi-million

10  dollar Third Party Action. As a proximate result of Insurer Defendants' refusal as herein

11  alleged, Plaintiffs were compelled to engage defense counsel for the Third Party Action and to

12  incur attorneys' fees, costs and expenses therefore in the sum of $1,235,212.08.

13       46.    On or about February 18, 2005, Plaintiffs served AMCO with a demand for

14  reimbursement for investigation and defense costs associated with the Third Party Action in the

15  amount of $1,235,212.08 as required pursuant to the Policies. On or about April 19, 2005,

16  Plaintiffs served SEQUOIA with a demand for reimbursement for investigation and defense

17  costs associated with the Third Party Action in the amount of $1,235,212.08. This amount

18  included attorney's fees, litigation costs, mediation expenses, expert/consultant fees and costs

19  incurred to investigate and mitigate alleged damages. Excluded from that amount were costs

20  associated with counsel's efforts to secure insurance coverage for Plaintiffs. All relevant

21  documentation for those costs and fees were forwarded to AMCO and SEQUOIA.

22       47.    Insurer Defendants delayed in making a decision whether to reimburse Plaintiffs.

23  After a number of months of review and audit conducted by said Defendants, Insurer

24  Defendants agreed to pay only a fraction of Plaintiffs' out-of-pocket costs. Insurer Defendants

25  agreed to pay approximately two-hundred and eighty-five thousand dollars ($285,000).

26       48.    Payment of the two-hundred and eighty-five thousand dollars ($285,000) was

27  predicated upon a purported audit performed by and on behalf of Insurer Defendants, hereinafter

28  referred to as the "Purported Audit." The Purported Audit was not conducted by a qualified

SECOND AMENDED COMPLAINT FOR: BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING; ESTOPPEL; PROFESSIONAL NEGLIGENCE; NEGLIGENT
MISREPRESENTATION; AND, BREACH OF FIDUCIARY DUTY

1  independent firm.  Rather, it was prepared on behalf of Insurer Defendants specifically by a

2  vendor to the insurance industry, Church & Company.  Moreover, the Purported Audit by its

3  very terms recommended further investigation, which has not been performed to Plaintiffs'

4  knowledge.  As such, Insurer Defendants did not discharge their full duty of investigation and

5  claims adjustment, did not give equal consideration to the interests of their insured as to their

6  own interests, and did not resolve uncertainty of the reasonableness of the fees incurred in favor

7  of their insureds as required by California law.

8      49.    By waiting more than a year before engaging counsel to defend Plaintiffs, Insurer

9  Defendants have waived any and all rights to contest the amount of the attorneys' fees incurred

10 by Plaintiffs and are estopped from contesting the amount submitted by Plaintiffs.

11

12                          **FIRST CAUSE OF ACTION**

13       **(Breach of Contract As Against Insurer Defendants and DOES 4 - 75)**

14     50.    Plaintiffs incorporate by reference Paragraphs 1 - 49 of this Complaint and repeat

15 those Paragraphs as though fully set forth herein.

16     51.    Plaintiffs have performed each and every covenant and/or condition of the

17 insurance Policies to be performed by them, or have been excused from so performing as a

18 result of Defendants' breach of contract.

19     52.    Plaintiffs are informed and believe and thereon allege that Insurer Defendants,

20 and each of them, breached their obligations under the Policies in the following manner:

21         a.    By failing to conduct a full and complete investigation into the facts and

22         circumstances of the claims asserted against Plaintiffs in the Third Party Action;

23         b.    By failing and refusing to defend Plaintiffs, and each of them, from the

24         claims asserted in the Third Party Action;

25         c.    By failing and refusing to indemnify Plaintiffs, and each of them, from

26         the claims asserted in the Third Party Action;

27 ///

28 ///

KULKWOOD & NOLISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-10-

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

d.      By failing to promptly and fully reimburse Plaintiffs for defense costs, fees and expenses incurred in defending against claims asserted in the Third Party Action;

e.      By failing to conduct a fair, independent audit of the costs and fees incurred by Plaintiffs in defending against claims asserted in the Third Party Action;

f.      By failing to adjust the claim giving equal consideration to the insureds' interest as to their own; and

g.      By doing each of the acts or omissions as otherwise alleged above.

53.     Plaintiffs are informed and believe and thereon allege that Insurer Defendants, and each of them, failed and refused to conduct an investigation into the facts and circumstances of the claims asserted against Plaintiffs in the Third Party Action.  As a result of the breaches of contract by said Defendants, or any of them, to conduct any investigation into the facts and circumstances of the claims asserted against Plaintiffs, Plaintiffs have been damaged, injured, and prejudiced.  Plaintiffs were required to retain counsel and defend themselves against the claims asserted against them.

54.     As a direct and proximate result of the breach by Insurer Defendants of their obligations under the Policies, Plaintiffs have been damaged as follows:

a.      Plaintiffs were required to retain attorneys to defend themselves from the claims asserted in the Third Party Action all in an amount to be proved at time of trial; and

b.      The expenditure of monies for attorneys fees caused Plaintiffs to lose business opportunities to which the monies paid to attorneys could have been applied.

## SECOND CAUSE OF ACTION

### (Breach of The Implied Covenant of Good Faith & Fair Dealing Against Insurer Defendant's and DOES 4-75)

55.     Plaintiffs incorporate by reference Paragraphs 1 - 54 of this Complaint and repeat those Paragraphs as though fully set forth herein.

-11-

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

56. Implied in Plaintiffs' Policies is a covenant by Insurer Defendants, and each of them, to act in good faith and deal fairly with Plaintiffs, and to do nothing to impair or interfere with the rights and benefits of Plaintiffs under the Policies.

57. Plaintiffs are informed and believe and thereon allege that Insurer Defendants, and each of them, breached the implied covenant of good faith and fair dealing arising out of the Policies in the following respects:

a. Insurer Defendants, and each of them, unreasonably and without proper cause, failed and refused to conduct a competent and timely investigation into the facts which gave rise to the claims asserted in the Third Party Action;

b. Insurer Defendants, and each of them, unreasonably refused to defend, and without cause, denied coverage to Plaintiffs in the Third Party Action;

c. Insurer Defendants, and each of them, unreasonably refused to pay for the defense of the Third Party Action;

d. Insurer Defendants, and each of them, unreasonably refused to promptly reimburse Plaintiffs for defense costs incurred by Plaintiffs in their own defense of the Third Party Action after said Defendants acknowledged their duty to defend and accepted Plaintiffs' tender of the defense;

e. Insurer Defendants, and each of them, unreasonably failed to conduct a fair, independent audit of the costs and fees incurred by Plaintiffs in defending against claims asserted in the Third Party Action; and

f. Insurer Defendants, and each of them, unreasonably failed to adjust the claim giving equal consideration to the insureds' interest as to their own.

g. AMCO has wrongfully denied coverage under the Second AMCO/Allied Policy by failing to conduct a reasonable investigation and failing to give equal consideration to their insureds' interest as they gave to their own in refusing to defend and indemnify Plaintiffs' against the alleged claims in the Third Party Action.

58. Plaintiffs are informed and believe, and thereon allege, that Insurer Defendants have breached their duty of good faith and fair dealing owed to Plaintiffs by other acts or

-12-

1  omissions of which Plaintiffs are presently unaware.  Plaintiffs will seek leave of court to amend

2  this complaint at such time as they discover the other acts or omissions of Insurer Defendants

3  constituting such breach.

4       59.     The denial of benefits claimed by Plaintiffs under the Policies was done by

5  Insurer Defendants without reasonable cause.  Insurer Defendants knew that a duty to defend

6  was owed to Plaintiffs, yet refused to provide such a defense.  As a direct and proximate result

7  of the unreasonable conduct of Insurer Defendants, and each of them, Plaintiffs have been

8  required to retain attorneys to obtain benefits due to them under the Policies.  As a direct and

9  proximate result of the tortious conduct of the Insurer Defendants and each of them, Plaintiffs

10  were damaged and injured.  Plaintiffs are therefore entitled to recover:

11          a.      Reasonable attorney fees incurred by Plaintiffs in obtaining policy

12       benefits in an amount to be proved at time of trial;

13          b.      Reasonable attorney fees, expert fees, investigative fees, and costs

14       incurred by Plaintiffs in defending the Third Party Action;

15          c.      Compensation for lost opportunities; and

16          d.      Out of pocket payments by Plaintiffs, assuming any, to settle claims made

17       against them in the Third Party Action.

18       60.     The refusal of Insurer Defendants and each of them to carry out their obligations

19  under the insurance policy to investigate, defend, indemnify and to promptly communicate their

20  coverage position to Plaintiffs, and the acts of their agents were all done willfully and

21  maliciously and in conscious disregard of the rights of Plaintiffs to receive the benefits due them

22  under the Policies.  These acts were done with the knowledge and approval and ratification of

23  Insurer Defendants and each of them.  These acts continued even after Plaintiffs protested to

24  Insurer Defendants and Plaintiffs were powerless to obtain from Insurer Defendants compliance

25  with their obligations.  Plaintiffs are therefore entitled to recover punitive damages.

26  ///

27  ///

28  ///

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-13-

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

## THIRD CAUSE OF ACTION

### (Estoppel As Against The Insurer Defendants and DOES 4 - 75)

61.     Plaintiffs incorporate by reference Paragraphs 1 – 60 of this Complaint and repeat those Paragraphs as though fully set forth herein.

62.     Insurer Defendants had full knowledge that the Third Party Action had commenced against Plaintiffs. Plaintiffs timely tendered a copy of the summons and complaint in the Third Party Action to Insurer Defendants with the request that Insurer Defendants undertake the defense of this action. Insurer Defendants subsequently acknowledged the receipt of the tender of defense.

63.     Insurer Defendants wrongfully denied all liability under the Policies and refused to undertake the defense of the Third Party Action against Plaintiffs.

64.     Insurer Defendants intended and had reason to foresee that Plaintiffs would rely upon Insurer Defendants wrongful denial of defense. Plaintiffs had a right to believe that after Insurer Defendants denied tender, Plaintiffs would be required to engage their own counsel and defend the Third Party Action.

65.     Insurer Defendants later conceded they had a duty to defend Plaintiffs in the Third Party Action pursuant to the Policies, and withdrew their prior declination of coverage.

66.     Plaintiffs were ignorant of the true state of facts in that Plaintiffs were told that no coverage existed under Policies when in fact the duty to defend and indemnify did exist under the Policies.

67.     Plaintiffs reasonably relied on Insurer Defendants' denial of coverage to their detriment, and were compelled to engage counsel on their own. In doing so, Plaintiffs were injured and incurred substantial costs, fees, and expenses that should have been covered under the Policies

68.     By virtue of the conduct described above and otherwise, Insurer Defendants must be estopped from contesting the fact that they owed Plaintiffs a duty to defend Plaintiffs in the Third Party Action.

///

SECOND AMENDED COMPLAINT FOR: BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING; ESTOPPEL; PROFESSIONAL NEGLIGENCE; NEGLIGENT
MISREPRESENTATION; AND, BREACH OF FIDUCIARY DUTY

69.     By virtue of the conduct described above and otherwise, Insurer Defendants must be estopped from contesting the attorneys' fees and costs incurred by Plaintiffs in defense of the Third Party Action.

70.     By virtue of the conduct described above and otherwise, Insurer Defendants have waived their right to contest attorneys' fees and costs incurred by the Plaintiffs in defense of the Third Party Action.

## FOURTH CAUSE OF ACTION

### (Professional Negligence As Against Broker Defendants and DOES 76-100)

71.     Plaintiffs incorporate by reference Paragraphs 1 -70 of this Complaint and repeat those Paragraphs as though fully set forth herein.

72.     As Plaintiffs' insurance brokers, Broker Defendants held themselves out as experts in the area of insurance and risk management and were responsible for procuring all necessary insurance for Plaintiffs. Because of the long-term business relationship with Plaintiffs, Broker Defendants knew and understood Plaintiffs' business and undertook to secure appropriate insurance coverage.

73.     Broker Defendants owed Plaintiffs a duty of care in procuring its insurance policies and insuring that those policies provided the insurance requested and/or needed and required, and to advise Plaintiffs of the adequacy of their insurance, as well as their insurance needs; that those insurance policies were sufficient to protect Plaintiffs' interests as requested and/or needed; and that the policies issued to Plaintiffs were appropriate and adequate for their operations.

74.     Broker Defendants represented to Plaintiffs and others that they were experienced at designing comprehensive insurance programs. Based thereon, Plaintiffs relied on those representations by allowing said Defendants to design for them their own comprehensive insurance program during which time Broker Defendants were fully aware of the business in which Plaintiffs were engaged. Plaintiffs placed their trust in Broker Defendants

///

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

SECOND AMENDED COMPLAINT FOR: BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ESTOPPEL; PROFESSIONAL NEGLIGENCE; NEGLIGENT MISREPRESENTATION; AND, BREACH OF FIDUCIARY DUTY

1  and fully relied on their expertise to recommend and secure appropriate and adequate insurance

2  coverage.

3      75.    Although Plaintiffs contend that they are insured and coverage is afforded under

4  the insurance policies for the claims alleged in the Third Party Action, in the event there is

5  either a gap and/or insufficient coverage, Plaintiffs allege that said lack of coverage is the

6  proximate result of Broker Defendants' negligence as follows:

7          a.    By failing and/or negligently completing and submitting the insurance

8  applications for the primary and excess policies on behalf of Plaintiffs;

9          b.    By failing to obtain for Plaintiffs the proper scope and amount of

10  coverage;

11          c.    By making misrepresentations regarding the policy limits of the First

12  AMCO/Allied Policy and on information and belief failing to disclose the true policy

13  limits;

14          d.    By failing to procure excess coverage contrary to the business practices

15  and wishes of Plaintiffs;

16          e.    By failing to list the property location on subsequent primary and excess

17  policies affording coverage to Plaintiffs;

18          f.    By continuing to insist at all times that Broker Defendants had procured

19  adequate, accurate and appropriate insurance policies and endorsements for Plaintiffs;

20          g.    By completing and submitting an erroneous application for insurance as

21  to the Second AMCO/Allied Policy without review or signature by Plaintiffs causing

22  denial of coverage based on same; and

23          h.    By failing to disclose or advise Plaintiffs that there was a change in the

24  Second AMCO/Allied Policy form, which purports to limit or take away coverage.

25          i.    By continuing to insist there was no need for excess insurance.

26      76.    As a proximate result of Broker Defendants' breach of their duties, Plaintiffs

27  have been damaged to the extent that the appropriate insurance coverage would have covered

28  the amount of unreimbursed defense costs, fees and indemnity arising out of the underlying

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-16-

1   Third Party Action.  Plaintiffs have been further damaged by incurring fees and costs as a result

2   of being forced to file this action based on the negligent acts and omissions of Broker

3   Defendants.

4          77.     As a direct and proximate result of Broker Defendants' negligence, Plaintiffs

5   have been damaged in an amount according to proof at time of trial.s

6                            **FIFTH CAUSE OF ACTION**

7   **(Negligent Misrepresentation As Against Broker Defendants and Does 76-100)**

8          78.     Plaintiffs incorporate by reference Paragraphs 1 - 77 of this Complaint and repeat

9   those Paragraphs as though fully set forth herein.

10         79.     Broker Defendants owed Plaintiffs a duty of care in procuring its insurance

11  policies and insuring that those policies provided the insurance requested and/or needed and

12  required, and to advise Plaintiffs of the adequacy of their insurance, as well as their insurance

13  needs; that those insurance policies were sufficient to protect Plaintiffs' interests as requested

14  and/or needed; and that the policies issued to Plaintiffs were appropriate for their operations.

15         80.     Broker Defendants represented to Plaintiffs and others that they were

16  experienced at designing comprehensive insurance programs.  Based thereon, Plaintiffs relied

17  on those representations by allowing said Defendants to design for them their own

18  comprehensive insurance program during which time Broker Defendants were fully aware of

19  the business in which Plaintiffs were engaged.

20         81.     Although Plaintiffs contend that they are insured and coverage is afforded under

21  the insurance policies for the claims alleged in the Third Party Action, in the event there is

22  either a gap and/or insufficient insurance coverage Plaintiffs allege that said lack of insurance

23  coverage is the proximate result of Broker Defendants' negligent misrepresentations as follows:

24              a.     By making misrepresentations regarding the policy limits of the First

25         AMCO/Allied Policy and on information and belief failing to disclose the true policy

26         limits;

27              b.     By continuing to insist at all times that Broker Defendants had procured

28         adequate, accurate and appropriate insurance policies and endorsements for Plaintiffs;

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

-17-

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

c.    By failing to disclose or advise Plaintiffs that there was a change in the Second AMCO/Allied Policy form, which purports to limit or takes away coverage; and

d.    By completing and submitting an erroneous application for insurance as to the Second AMCO/Allied Policy without review or signature by Plaintiffs causing denial of coverage based on same.

e.    By continuing to insist there was no need for excess insurance.

82.    Plaintiffs justifiably relied on the representations made by Broker Defendants regarding the scope and amount of insurance coverage procured by Broker Defendants and based on their representations that they were competent brokers to obtain the correct type and amount of coverage to protect Plaintiffs' interests.

83.    According AMCO and SEQUOIA, representations made by Broker Defendants were false. Additionally, AMCO contends that the application for the Second AMCO/Allied Policy was predicated on misrepresentation of fact.

84.    Plaintiffs justifiably relied on these representations made by Broker Defendants regarding the scope and amount of coverage procured by said Defendants for Plaintiffs.

85.    Relying on these representations has damaged Plaintiffs in an amount according to proof at time of trial.

86.    Broker Defendants' negligent procurement; failure to procure; and, design of comprehensive insurance program has damaged Plaintiffs according to proof.

## SIXTH CAUSE OF ACTION

**(Breach of Fiduciary Duty As Against Broker Defendants and Does 76-100)**

87.    Plaintiffs incorporate paragraphs 1 through 86 as if set forth herein.

88.    Plaintiffs are informed and believe and thereon allege, at all times herein mentioned, agents, representatives, and employees of Broker Defendants, were employed as Plaintiffs' insurance broker and/or agent.

-18-

89.    Plaintiffs are informed and believe and thereon allege, Broker Defendants were charged with a fiduciary duty to exercise due care and undivided loyalty for the interests of Plaintiffs.

90.    Said duties required the brokers and agents, representatives, and employees, of the Broker Defendants, who served as the insurance brokers of Plaintiffs, to make decisions solely for the benefit of Plaintiffs.

91.    Said duties required, *inter alia,* that the agents, employees, and representative of the Broker Defendants act with honesty, good faith, and good management in exercising their duties as Plaintiffs' insurance broker and/or agent.   Moreover, the agents, employees, and representatives of said Defendants owed a duty to make reasonable inquiry and to properly investigate the appropriate insurance coverage for Plaintiffs, with such care and diligence as an ordinarily prudent person in a like position would use under similar circumstances.

92.    Broker Defendants, as broker and/or agent of Plaintiffs, breached their fiduciary duties by virtue of the following:

a.    By failing and/or negligently completing and submitting the insurance applications for the primary and excess policies;

b.    By failing to obtain the proper scope and amount of coverage;

c.    By making misrepresentations regarding the policy limits of the First AMCO/Allied Policy and on information and belief failing to disclose the true policy limits;

d.    By failing to procure excess coverage contrary to the business practices and wishes of the insureds;

e.    By failing to list the property location on subsequent primary and excess policies affording coverage to Plaintiffs;

f.    By continuing to insist at all times Broker Defendants had procured adequate, accurate and appropriate insurance coverage limits and endorsements;

g.    By completing and submitting an erroneous application for insurance as to the Second AMCO/Allied Policy without review or signature by Plaintiffs causing

-19-

ROCKWOOD & NOZASKA, LLP
5060 North Harbor Drive, Suite 255
San Drego, California 92106
(619) 224-7778 FAX (619) 224-7779

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779

1  denial of coverage based on same.

2  h.    By failing to disclose or advise Plaintiffs that there was a change in the

3  Second AMCO/Allied Policy form, which purports to limit or take away coverage.

4  i.    By continuing to insist there was no need for excess insurance.

5  93.    Broker Defendants' breach of fiduciary duties damaged Plaintiffs in an amount

6  according to proof at time of trial.

7  **WHEREFORE**, Plaintiffs and their members pray for judgment against Defendants,

8  and each of them, as follows:

9  **FIRST CAUSE OF ACTION (Breach of Contract):**

10  1.    For special damages in an amount to be proven at the time of trial;

11  2.    For interest at a maximum legal rate;

12  3.    For interest, attorneys fees and costs of suit herein incurred; and

13  4.    For such other and further relief as this Court deems just and proper.

14  **SECOND CAUSE OF ACTION (Breach of The Implied Covenant of Good Faith &**

15  **Fair Dealing):**

16  1.    For special damages in an amount to be proven at the time of trial;

17  2.    For punitive damages in an amount to punish and deter defendants' wrongful

18  conduct;

19  3.    For interest at a maximum legal rate;

20  4.    For attorneys fees and costs of suit herein incurred in obtaining policy benefits;

21  and

22  5.    For such other and further relief as this Court deems just and proper.

23  **THIRD CAUSE OF ACTION (Estoppel):**

24  1.    For such relief as the court may deem just and proper.

25  **FOURTH CAUSE OF ACTION (Professional Negligence):**

26  1.    For special damages in an amount to be proven at the time of trial;

27  2.    For interest at a maximum legal rate;

28  3.    For interest, attorneys fees and costs of suit herein incurred; and

-20-

1    4.    For such other and further relief as this Court deems just and proper.

2    **FIFTH CAUSE OF ACTION (Negligent Misrepresentation):**

3    1.    For special damages in an amount to be proven at the time of trial;

4    2.    For interest at a maximum legal rate;

5    3.    For interest, attorneys fees and costs of suit herein incurred; and

6    4.    For such other and further relief as this Court deems just and proper.

7    **SIXTH CAUSE OF ACTION (Breach of Fiduciary Duty):**

8    1.    For special damages in an amount to be proven at the time of trial;

9    2.    For interest at a maximum legal rate;

10   3.    For interest, attorneys fees and costs of suit herein incurred; and

11   4.    For such other and further relief as this Court deems just and proper.

12

13   Dated: July 19, 2006                    ROCKWOOD & NOZISKA, LLP

14

15

16   By: _____
            NEAL H. ROCKWOOD, ESQ.
17          C. BRANT NOZISKA, ESQ.
            Attorneys for Plaintiffs
18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR: BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING; ESTOPPEL; PROFESSIONAL NEGLIGENCE; NEGLIGENT
MISREPRESENTATION; AND, BREACH OF FIDUCIARY DUTY

ROCKWOOD & NOZISKA, LLP
5060 North Harbor Drive, Suite 255
San Diego, California 92106
(619) 224-7778 FAX (619) 224-7779