1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   1800 SOUTH MAPLE STREET, LLC, et al.,           CASE NO. 07cv2030 JM(NLS)

12                                    Plaintiff,      ORDER GRANTING MOTION TO
                                                      AMEND; REMANDING ACTION
          vs.                                         TO STATE COURT
13
     ALLIED PROPERTY AND CASUALTY
14   INSURANCE COMPANY, et al.,

15                                   Defendant.

16

17          Plaintiffs 1800 South Maple Street, LLC, Ralph J. Giannella, Giannella

18   Properties, Inc., William G. Ayyad, William G. Ayyad, Inc., and Premier Communities

19   Inc. move for leave to file a first amended complaint to join a non-diverse party thereby

20   destroying diversity jurisdiction.  Defendants Allied Property and Casualty Company,

21   AMCO Insurance Company, and Nationwide Mutual Insurance Company oppose the

22   motion.   Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision

23   without oral argument.   For the reasons set forth below, the court grants the motion to

24   amend and remands this action to state court.

25                                  **BACKGROUND**

26          On September 10, 2007 Plaintiffs commenced this action against Defendants in

27   San Diego Superior Court alleging four causes of action for breach of the implied

28   covenant of good faith and fair dealing; declaratory relief; fraud; and conspiracy to

                                          - 1 -                                  07cv2030

1  commit fraud.  On October 10, 2007 Defendants removed this action to federal court
2  based upon diversity jurisdiction.

3      Plaintiffs are in the business of purchasing, converting, and selling
4  condominiums. (Proposed First Amended Complaint, "FAC" ¶42). Plaintiffs generally
5  allege that Defendants had a duty to defend and indemnify them in an underlying state
6  court action entitled Hidden Glen Maintenance Corp. v. 1800 South Maple Street, LLC.
7  (the "Third Party Action"), pursuant to a claims-made liability insurance policy issued
8  by Defendants for the period from April 4, 2002 to April 4, 2003 (the "2002 Policy").
9  The 2002 Policy was procured by broker and AMCO agent, Michael Ehrenfeld
10  Company ("Ehrenfeld Co."), a citizen of California.  Plaintiffs seek to join Ehrenfeld
11  Co. as a defendant to assert two claims for professional negligence and negligent
12  misrepresentation.

13      On or about August 18, 2005, condominium purchasers and their homeowners
14  association commenced the Third Party Action against Plaintiffs in San Diego Superior
15  Court alleging claims for negligence, civil conspiracy, breach of the conditions,
16  covenants and restrictions, breach of fiduciary duty, alter ego, negligence per se, and
17  violation of Business and Professions code section 17200.  Plaintiffs in the Third Party
18  Action generally allege that Plaintiffs herein were negligent in the renovation,
19  marketing and sale of condominium units that were converted from an apartment
20  complex.  Plaintiffs herein tendered the defense to Defendant insurers who allegedly
21  refused to defend or indemnify Plaintiffs.

22      In another state court action involving AMCO, Avocado Crest Condominiums.
23  LLC v. Allied Mutual Insurance (the "ACC Litigation"),Plaintiffs represent that AMCO
24  initially denied coverage but ultimately conceded coverage under similar circumstances.
25  Plaintiffs allege that the terms of the policy at issue in the ACC Litigation are similar,
26  if not identical,  to the language contained in the contracts for insurance in the Third
27  Party Action.

28      Plaintiffs now move to join Ehrenfeld Co. as a defendant.  Such joinder, the

1  parties acknowledge, will destroy diversity jurisdiction and likely result in remand of

2  this action to state court.

3                                    **DISCUSSION**

4         After removal, the court has discretion to permit the joinder of a non-diverse

5  party and remand the action to state court or to deny joinder.  28 U.S.C. §1447(e).

6  Under §1447(e) whether to permit joinder of a party that will destroy diversity

7  jurisdiction remains in the sound discretion of the court. Palestini v. General Dynamics

8  Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000).  In making its determination under

9  §1447(e), the court considers (1) whether the new defendant should be joined under

10 Rule 19(a) as "needed for just adjudication," (2) whether the statute of limitations

11 would preclude an original action against the new defendant in state court, (3) whether

12 there has been an unexplained delay in requesting joinder, (4) whether joinder is

13 intended solely to defeat federal jurisdiction, (5) whether the claims against the new

14 defendant appear valid, and (6) whether denial of joinder will prejudice the plaintiff.

15 Id.

16        Applying the above identified considerations, the court permits joinder of

17 Ehrenfeld Co. and remands the action to state court.

18 Rule 19(a) Joinder

19        Federal Rule of Civil Procedure 19(a) provides for the joinder of a party to an

20 action if in the person's "absence complete relief cannot be accorded among those

21 already parties, or (2) the person claims an interest relating to the subject of the action

22 and is so situated that the disposition of the action" would impede their ability to protect

23 their interests or would subject any of the parties to the danger of inconsistent

24 obligations. Fed.R.Civ.P. 19(a).  Joinder under "§1447(e) is a less restrictive standard

25 than for joinder under [Rule 19]." Boon v. All-State Ins., 229 F.Supp.2d 1016, 1022

26 (C.D. Cal. 2002).

27        The court concludes that Ehrenfeld Co. falls within the scope of 19(a). Plaintiffs

28 seek to join AMCO's agent Ehrenfeld Co. to allege professional negligence and

1   negligent misrepresentation against the agent for its conduct in procuring insurance for

2   Plaintiffs.  Plaintiffs allege that Ehrenfeld Co. was well aware of their insurance needs

3   because Ehrenfeld Co. had been procuring their insurance for years.  The claims against

4   Ehrenfeld Co. are connected to the claims against Defendants, and the failure to join

5   will likely lead to separate and overlapping actions.  This factor strongly favors joinder.

6   <u>The Statute of Limitations</u>

7        The parties do not identify any claim that would be time-barred. Consequently,

8   this factor does not support joinder.

9   <u>Unexplained Delay</u>

10        Plaintiffs argue that there has been no unexplained delay.  Plaintiffs represent

11   that they acted within several months of filing the original complaint to seek leave to

12   amend.   During this period of time, Plaintiffs explain that they sought to further

13   determine whether AMCO would indemnify Plaintiffs.  Plaintiffs also explain that

14   Ehrenfeld Co. was named as a party in the ACC Litigation and that AMCO ultimately

15   conceded coverage in that action and that they reasonably believed that AMCO would

16   concede liability in this case because it did so in relation to similar contracts of

17   insurance.  This factor favors joinder.

18   <u>Purpose of Joinder Not Solely to Defeat Diversity Jurisdiction</u>

19        Plaintiffs represent that the purpose of the amendment is to protect their interests

20   in this bad faith action "to ensure it has a remedy in the unlikely even there is a gap in

21   coverage." (Motion at p.9:14-15).  Plaintiffs also point to the fact that plaintiffs in the

22   "companion" ACC Litigation joined Ehrenfeld Co. as a defendant prior to commencing

23   the present action.

24        Defendants argue that Plaintiffs's proposed explanation is suspicious and

25   insufficient to warrant joinder.  Defendants further argue that Plaintiffs knew of

26   Ehrenfeld Co.'s conduct for some time before they sought to join it as a defendant.

27        The court concludes that this consideration is neutral at best.

28

           07cv2030

1    <u>Validity of Claims against Ehrenfeld Co.</u>

2         Plaintiffs argue that their claims against Ehrenfeld Co. are valid because an

3    insurance agent is under a duty to use reasonable care in procuring the insurance

4    requested by Plaintiffs.  <u>See</u> <u>R & B Auto Center, Inc. v. Farmers Group, Inc.</u>, 140

5    Cal.App.4th 327, 337 (2006).  As an agent's failure to deliver the agreed-upon coverage

6    may constitute negligence and the proximate cause of an injury, they assert valid claims

7    against Ehrenfeld Co.  This factor favors joinder.

8    <u>Prejudice to Plaintiffs</u>

9         The prejudice to Plaintiffs if joinder is denied potentially consists of a relitigation

10   of some factual issues involving the same witnesses.  However, as noted by Defendants,

11   Plaintiffs would not suffer any prejudice in the event that Defendants are found liable.

12   The court notes that issues of ultimate liability on any particular claim is not readily

13   ascertainable from the complaint and the arguments of the parties.  Consequently, this

14   factor is neutral at best.

15        In sum, the court grants Plaintiffs motion for leave to amend and remands this

16   action to state court.  The Clerk of Court is instructed to remand this action and to close

17   the file.

18        **IT IS SO ORDERED.**

19   DATED:  March 3, 2008

20                                                                        _____

                                                                         Hon. Jeffrey T. Miller
21                                                                       United States District Judge

     cc:          All parties
22

23

24

25

26

27

28